IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAMMY LEROY McMURRAY,

           Plaintiff,

vs.                                            CIVIL NO. 08-408 MCA/LFG

LESLIE C. SMITH and
MARTHA VÁZQUEZ,

           Defendants.

## MEMORANDUM OPINION AND ORDER
## PERMITTING LIMITED WAIVER OF COSTS
## AND DISMISSING ACTION WITH PREJUDICE

### Introduction

THIS MATTER is before the Court on *pro se* Plaintiff Sammy Leroy McMurray's ("McMurray") 42 U.S.C. § 1983 Complaint for damages. McMurray did not pay a filing fee, but has, instead, submitted a Financial Affidavit and Application to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 [Doc. 2]. The intent of this statute is to facilitate access to the courts and to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible . . . to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

McMurray's affidavit indicates that he is incarcerated in a New Mexico Medical facility in Fort Bayard, New Mexico, and has no assets with which to prosecute his litigation. Accordingly, the Court will authorize the filing of his Complaint without payment of a filing fee.

## Authority for *Sua Sponte* Analysis

While Congress removed barriers to court access for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1732-33 (1992).

In response to congressional concerns about frivolous litigation, federal courts are authorized to dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, federal courts may conduct a *sua sponte* review of an *in forma pauperis* complaint to determine if the complaint can withstand Fed. R. Civ. P. 12(b)(6) scrutiny. A court may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1109-1110 (10th Cir. 1991).

Before conducting the *sua sponte* analysis of McMurray's complaint, the Court first addresses whether it must recuse or reassign this case since McMurray has named two federal judges as defendants.

## Recusal or Reassignment

McMurray attempts to sue two federal judges within the District of New Mexico: Chief Federal District Court Judge Martha Vázquez, and United States Magistrate Judge Leslie C. Smith. Typically, when judges are named defendants, the Court considers a *sua sponte* recusal. See 28 U.S.C. § 455.

Courts, however, recognize exceptions to the recusal requirement. For example, when a litigant has sued all of the judges in the district, the rule of necessity allows one of the sued judges to preside over the case. Bolin v. Story, 225 F.3d 1234, 1238-40 (11th Cir. 2000). A second exception arises when, during the course of a proceeding, a litigant becomes dissatisfied with the presiding judge and, in the hope of forcing that judge out of the case, brings a second action against the judge. United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks") (internal citations omitted).

A third exception may arise where a claim is patently frivolous and reassignment of the case would impose burdens on a court system that should not be tolerated. "Where a claim is so insubstantial that it may be dismissed for lack of jurisdiction, requiring multiple

judges to consider the same record in order to reach an unavoidable dismissal is a waste of judicial resources." Snegirev v. Sedwick, 407 F. Supp. 2d 1093 (D. Ak. 2006).

Indeed, in the Snegirev case, that is exactly what occurred. The court determined that the plaintiff's complaint was so wholly frivolous as to defeat subject matter jurisdiction. Thus, it was appropriate for the court to conduct the *sua sponte* screening authorized by 28 U.S.C. § 1915(A) and dismiss the complaint without the need to reassign the case to another district.

The Court could reassign this lawsuit out of district. That process is somewhat cumbersome and imposes burdens on the judicial system, both within and without the District of New Mexico. As the outcome of this litigation is absolutely clear (*see* analysis *infra*), the Court determines that neither reassignment within this district nor assignment out-of-district is necessary.

### *Sua Sponte* Analysis of McMurray's Complaint

The basis of McMurray's Complaint is that the aforementioned federal judges were involved in the dismissal of McMurray's prior federal lawsuit, McMurray v. Snead et al., CIV 07-688 MV/LCS,[1] brought in the United States District Court for the District of New Mexico.

In this Complaint, McMurray contends:

---

[1] Magistrate Judge Leslie C. Smith issued a Report and Recommendation [Doc. 9] recommending dismissal of the complaint. Chief Judge Martha Vázquez adopted the recommendation and, on March 7, 2008, dismissed McMurray's complaint [Doc. 10, No. CIV 07-688 MV/LFG].

4

> Ms. Martha Vazquez deceived her authority through violating claimant's fortitude 5th Ammendment [sic] and upheld Racial Prejudice and putting claimant through mental anguish and disturbance.

[Doc. 1, p. 3, ¶ C(2)]. He also asserts:

> Claimant does not understand why Justice Leslie C. Smith based his decision on phony allegations and dismissing case civ-070688, upholding Racial Prejudice and violating claimant's 1st, 5th and 8th ammendments [sic].

[Doc. 1, p. 3, ¶ C(B)(1)]. McMurray apparently seeks an award of monetary damages against the two federal judge defendants in this § 1983 proceeding.

## Absolute Immunity

The two judges are entitled to absolute immunity from liability in this case. *See* Stump v. Sparkman, 435 U.S. 349, 359, 98 S.Ct. 1099 (1978), *reh'g denied,* 436 U.S. 951, 98 S.Ct. 2862 (1978) (a judge is absolutely immune from liability for judicial acts). The United States Supreme Court recognized that the defense of absolute immunity for "officials whose special functions or constitutional status requires complete protection from suit." Harlow v. Fitzgerald, 457 U.S. 800, 807, 102 S.Ct. 2727, 2732 (1982). Judges are among those officials who are entitled to absolute immunity. The Tenth Circuit Court of Appeals clearly explained the rationale for judicial absolute immunity:

> The purpose of the doctrine is to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute

5

> immunity is necessary so that judges can perform their functions without harassment or intimidation. Further, it is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, that are brought pursuant to 42 U.S.C. § 1983.

Van Sickle v. Holloway, 791 F.2d 1431, 1434-35 (10th Cir. 1986) (internal citations omitted). *See also* Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006) (*citing* Mireles v. Waco, 502 U.S. 9, 13, 112 S. Ct. 286 (1991) (it is well established that "[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion.")).

As stated above, McMurray's Complaint alleges nothing more than his dissatisfaction with adverse recommendations or rulings made by two federal judges. The Tenth Circuit has repeatedly concluded that these types of allegations against judges cannot survive. For example, in Andrews v. Heaton, the Tenth Circuit stated: "Given that [the plaintiff] alleges the judicial defendants engaged in unconstitutional conduct only while presiding over his civil lawsuits, these defendants 'were performing judicial acts and were therefore clothed with absolute judicial immunity.'" Andrews, 483 F.3d 1070, 1076 (10th cir. 2007) (*citing* Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994) and Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002)).

Thus, it is patently clear that McMurray may not proceed on his civil rights claims against these judicial defendants because their acts, as judicial officers acting within their jurisdiction, are subject to absolute immunity. Moreover, this is not an instance where artful

pleading can resolve the dispute. No set of circumstances exists under which McMurray may sue judicial officers for damages as a result of actions they took within their jurisdiction.

## Additional Grounds for Dismissal

The Court further notes that McMurray's § 1983 claims against the federal judges are subject to dismissal for additional reasons. Claims under § 1983 may be brought against state or local officials who, acting under color of state law, violate a defendant's constitutional rights. 42 U.S.C. § 1983. In other words, a plaintiff must show the alleged constitutional deprivation was committed by a person action under state law. Bruner v. Baker, 506 f.3d 1021, 1026 (10th Cir. 2007). Neither of these Defendants are state officers, and neither acts under the auspices of state law. Thus, an essential element of a 42 U.S.C. § 1983 claim is lacking.

If this was the only infirmity with McMurray's Complaint, the Court could consider a dismissal, without prejudice, to allow him to attempt to state a cause of action against a federal official in accordance with Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971). *But see* Mireles, 502 U.S. at 11 (judges enjoy absolute immunity from Bivens lawsuits for their rulings even if the rulings were clearly erroneous or maliciously motivated). For all of the reasons stated above, the Court concludes that re-pleading cannot defeat the two judicial defendants' entitlement to absolute immunity.

7

Accordingly, the Court GRANTS McMurray's Application to Proceed *In Forma Pauperis*, but DISMISSES his Complaint, with prejudice.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE